IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Pamela Jo Rabun, | ) | |
| | ) | C/A No. 9:10-583-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Honda Motor Company, Ltd. A/K/A | ) | |
| American Honda Motor Co., Ins., | ) | |
| Isuzu Motors Limited, A/K/A Isuzu | ) | |
| Motors America, LLC and Andy's | ) | |
| Auto Sales, A&A Auto Service and | ) | |
| Andy Cook, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| Amber Louise Miller, a minor, by | ) | |
| Her Guardian ad litem, A.G. | ) | |
| Solomons, Jr., | ) | |
| | ) | Case No. 9:10-584-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Honda Motor Company, Ltd. A/K/A | ) | |
| American Honda Motor Co., Ins., | ) | |
| Isuzu Motors Limited, A/K/A Isuzu | ) | |
| Motors America, LLC and Andy's | ) | |
| Auto Sales, A&A Auto Service and | ) | |
| Andy Cook, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION AND ORDER**

These cases arise out of an automobile accident that took place in Hampton County, South Carolina, on April 19, 2006. Plaintiff Pamela Jo Rabun ("Rabun") was driving a 1996 Honda

Passport and her daughter, Plaintiff Amber Louise Miller ("Miller") (together, "Plaintiffs"), was a passenger. Rabun lost control of the vehicle after the right front passenger tire left the road, causing the vehicle to roll several times. Plaintiffs were ejected from the vehicle.

Plaintiffs filed complaints for personal injury on February 3, 2009, in the Court of Common Pleas for Hampton County, South Carolina. Plaintiffs allege that Defendant Isuzu Motors Limited a/k/a Isuzu Motors America, LLC ("ISZA") built the Honda Passport for Defendant Honda Motor Company, Ltd. a/k/a American Honda Motor Co., Inc. ("Honda"). Plaintiffs further allege that the Honda Passport was sold by Defendants Andy's Auto Sales, and/or A&A Auto Service, and/or Andy Cook, individually, to Nickolus S. Mason. Mason permitted Rabun to use the vehicle on the day of the accident.

On November 23, 2009, nearly ten months after the commencement of the action in state court, Defendants Andy Cook and Andy's Auto Sales filed for Chapter 7 liquidation under the Bankruptcy Code. As a consequence, an automatic stay pursuant to 11 U.S.C. § 362 halted court proceedings against them. On or about February 11, 2010, over one year since the commencement of the lawsuit, ISZA learned of the bankruptcy filing. ISZA subsequently filed a notice of removal to this court on March 9, 2010. ISZA contended that, as a result of the § 362 stay, the case would proceed only against ISZA. ISZA asserted that there was complete diversity between Plaintiffs, who are South Carolina residents, and ISZA and Honda, both of which are foreign corporations, and that the amount in controversy had been met. Additionally, though the notice of removal was filed more than a year after the limitations period set forth in 28 U.S.C. § 1446(b), ISZA argued that the limitations period should be excused because it was not made aware of complete diversity until February 11, 2010.

This matter is now before the court on Plaintiffs' motions to remand filed March 22, 2010.

Plaintiffs contend that remand is proper because (1) there is no diversity of citizenship because Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually, remain Defendants in this action; (2) all Defendants did not join in the motion; and (3) the matter was removed more than twelve months after the action was commenced in state court. ISZA filed responses in opposition to Plaintiffs' motions on April 8, 2010. Plaintiffs filed supplemental memoranda in support of their motions to remand on June 17, 2010, to which ISZA filed no response.

## DISCUSSION

The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Because removal jurisdiction raises significant federalism concerns, the court must construe removal jurisdiction strictly. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). When federal jurisdiction is doubtful, a remand is necessary. *Id.*

In this case, the court finds it necessary to address only Plaintiffs' first contention, i.e., that the bankruptcy filing relating to Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually, does not dismiss Defendants as parties to this action. ISZA asserts that Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually, became fraudulently joined when the Chapter 7 liquidation petition was filed, because there was no possibility that Plaintiffs could recover from those Defendants. The court disagrees.

Complete diversity requires that in any action removed to federal court, "no party share[] common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457 461 (4th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); 28 U.S.C. § 1332(a). The

fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Id*. To establish fraudulent joinder, the removing party must show either: "'(1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006) (quoting *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). The second standard of the fraudulent joinder analysis is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley*, 187 F.3d at 424. A plaintiff does not have to show he will prevail against the defendant; he must only show that he has a "slight possibility" of succeeding. *Id.* at 426. If plaintiff can show this "glimmer of hope," the defendant is properly joined. *Id.*

To prove fraudulent joinder, ISZA must show that Plaintiffs committed outright fraud in their pleading of jurisdictional facts, or that Plaintiffs stood no chance of succeeding against the in-state Defendants. ISZA does not allege outright fraud in Plaintiffs' pleadings, so this court must determine whether Plaintiffs have any chance, however remote, at succeeding in their claims against Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually.

In *Stewart v. A.G. Edwards & Sons, Inc.*, 74 B.R. 26 (1987), Everett D. Stewart, a South Carolina plaintiff brought an action against Edward Martin Meadows, a South Carolina defendant, and A.G. Edwards & Sons, Inc. and Ecco Gas Corporations, two foreign corporations. Meadows filed for bankruptcy protection after the commencement of the state court action. A.G. Edwards & Sons, Inc. removed the action to federal court on the grounds the diversity of citizenship was created when jurisdiction over the in-state defendant was moved to the Bankruptcy Court. *Stewart*, 74 B.R. at 27. The court determined that removal was improper because diversity of citizenship did not

exist. According to the Stewart court,

> While Meadows' bankruptcy petition operates as a stay of the "commencement or continuation . . . of a judicial . . . action or proceeding against the debtor," 11 U.S.C. § 362(a), it is not tantamount to a dismissal of Meadows as a party defendant in this action but merely suspends the proceedings. *See David v. The Hooker, Ltd.*, 560 F.2d 412 (9th Cir.1977). The stay continues in effect only until one of the events specified in the Bankruptcy Act occurs. 11 U.S.C. § 362(c)(2).

*Id.*

Accordingly, the bankruptcy filing for Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually, merely stayed the proceedings in state court. It did not dismiss the in-state defendants. Moreover, the bankruptcy judge lifted the automatic stay on June 3, 2010, as evidenced by the Order Granting Relief from 11 U.S.C. § 362 Automatic Stay filed by Plaintiffs with their supplemental memoranda. In the order, the bankruptcy judge noted that the stay was lifted to allow Plaintiffs to proceed with their respective claims against Defendants Andy's Auto Sales, A&A Auto Service, and Andy Cook, individually, with any recovery against them being limited to the extent of their available insurance coverage. Thus, not only is the case no longer suspended as to them, but Plaintiffs possess, contrary to Defendants' assertions, a possibility of recovering a monetary award despite the Chapter 7 liquidation proceedings.

## CONCLUSION

For the reasons stated, the court grants Plaintiffs' motions to remand (Entry 8 in 9:10-583-MBS and Entry 8 in 9:10-584-MBS) these proceedings to the Court of Common Pleas for Hampton

County, South Carolina.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 2, 2010